THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| |
|---|
| AHMAD FARID KHORRAMI, |
|               Plaintiff, |
| v. |
| DALE MUELLER, |
|               Defendant. |

Civil Action No. 2:07-CV-812-RTR

# DEFENDANT'S MOTION FOR RECONSIDERATION CONCERNING JURY INSTRUCTION NO. 26

Defendant Dale Mueller respectfully moves for reconsideration of the Court's ruling on jury instruction no. 26, which addresses testimony concerning plaintiff's prior arrest. A review of the trial transcripts shows that there was no testimony about any "conviction" for shoplifting, so the current wording of jury instruction no. 26 is not accurate. Moreover, the instruction as written has the unintended consequence of suggesting that Defendant and FBI Special Agent (SA) Jack Felske were not telling the truth when they testified in this trial. Thus, the instruction infringes on the jury's role to determine credibility. As their testimony was truthful and accurate, the instruction as written could have an extremely unfair and prejudicial effect on the jury's deliberations. Defendant submits that a change of just a few words, which instructs the jury that "the information" was wrong, rather than that "the testimony" was wrong, will fully accomplish the Court's goal

in issuing another curative instruction. Defendant respectfully proposes the following revision:

> You have heard statements suggesting that Plaintiff had a prior arrest ~~and conviction~~ for shoplifting and that he was not truthful to the INS. ~~These statements were~~ *That information* was wrong and should be disregarded in ~~their~~ *its* entirety.

An instruction with these revisions is attached hereto as Exhibit 1. If the Court will not accept this or a similar revision, Defendant respectfully requests that the Court direct counsel for Plaintiff that in closing argument, counsel may not argue or suggest that jury instruction no. 26 has any bearing on the credibility of Defendant or SA Felske.

I. <u>DISCUSSION</u>

a. <u>The Court's Order and the Testimony</u>

In its January 16, 2014, Decision and Order on motions in limine, the Court granted Plaintiff's motion to exclude evidence of Plaintiff's "prior arrests or the acts that allegedly precipitated those arrests unless the other party opens the door to such testimony." January 16, 2014, Decision and Order at 13.

While being cross-examined by Plaintiff's counsel regarding what he knew about a lead to FBI Milwaukee from FBI Chicago, and when he knew it, Defendant testified:

> Well, I don't know, sir. I don't know when I knew that. All I know is that when – on September 21st, I was asked to give him another test, and I trusted that there was no reason not to. He was not eliminated. There was

2

> some information that suggested he had lied to me on the 18th. There was a list of his international travel that was extensive. There was information, I think he told me, during – on September 21st, that he thought he had lied on his INS form, and I'm not sure I was aware of that when I went into the interview on the 21st.
>
> All these things made me suspicious, particularly that I believe he may have lied to me about his arrest in California.

Trial Transcript, December 9, 2014, at pp. 375:19-376:8 (Exhibit 2, attached).

Upon hearing this, counsel for Defendant Mueller objected and asked for a sidebar. At the sidebar, counsel for Defendant explained to the Court that it was counsel's intention to stop that testimony before it came out. The Court then instructed the jury to disregard SA Mueller's entire answer. Trial Transcript, December 9, 2014, at pp. 376:9-377:13; 380:8-11 (see Exhibit 2).

Subsequently, during direct examination of SA Felske, he was asked about what he and Defendant discussed with Plaintiff during an interview on September 21, 2001. SA Felske testified:

> We talked about Mr. Khorrami's past residences. We talked about his financial transactions. We talked about the companies that had been run out of some, past addresses he lived at, whether he had knowledge of that. We talked about – he had – he was concerned he had a past arrest for shoplifting.

Trial Transcript, December 10, 2014 at p. 589:19-24 (Exhibit 3, attached).

The Court then struck this answer and instructed the jury to disregard it entirely and completely. *Id*. at p. 590:2-4.

3

### b. The Jury Instruction is Inaccurate and Amounts to a Finding That Defendant and SA Felske Were Not Truthful in Their Testimony.

The current wording of instruction no. 26 is as follows:

You have heard statements suggesting that Plaintiff had a prior arrest and conviction for shoplifting and that he was not truthful to the INS. These statements were wrong and should be disregarded in their entirety.

As there was no reference to a "conviction" for shoplifting in the testimony of Defendant or SA Felske, that part of the instruction is not necessary and may confuse and mislead the jury.

Moreover, the jury will understand that the term "statements" in the first sentence of the instruction can only mean the testimony of Defendant and SA Felske, as they were the only witnesses who referred to a shoplifting arrest or to Plaintiff having lied on an INS form. The same term – "statements" – appears in the second sentence, so the jury will again understand the term "statements" in the second sentence to mean the testimony of Defendant and SA Felske. Therefore, the jury will understand the second sentence of the instruction to mean that "*the testimony of Defendant and SA Felske on these matters was wrong and should be disregarded in its entirety.*"

The credibility of Defendant and SA Felske is absolutely central to the defense of this case. Therefore, Defendant respectfully requests that the Court revise the instruction so as to avoid any suggestion that their testimony in this case was "wrong," especially in light of the fact that it was not wrong, but entirely

4

accurate (see section c., below). *See United States v. Smallwood*, 188 F.3d 905, 914 (7th Cir. 1999) ("[C]redibility determinations belong to the jury.") Defendant submits that the language below fully accomplishes the Court's goal in issuing a further curative instruction:

> You have heard statements suggesting that Plaintiff had a prior arrest for shoplifting and that he was not truthful to the INS. That information was wrong and should be disregarded in its entirety.

### c. The Testimony was Accurate

The testimony of Defendant Mueller and SA Felske quoted above was accurate. As is reflected in the written report of the interview of Plaintiff on September 21, 2001, Plaintiff brought his prior arrest and concern about a false statement on an INS form to their attention during the interview. The report of interview states on the first page:

> KHORRAMI expressed concern over a false statement he made to the INS regarding his California arrest and conviction. While applying for permanent residency status in the United States, KHORRAMI filled out an INS form and stated he had no prior arrests. KHORRAMI explained what he actually meant was that he had no prior convictions based on his belief that his California conviction was overturned on appeal.[1]

---

[1] A true and correct copy of that FD-302 interview report, which was produced to Plaintiff during discovery, is attached hereto as Exhibit 4. A true and correct copy of Plaintiff's July 24, 2000, Application to Register Permanent Resident or Adjust Status, in which he answered "no" to the question whether he had ever been arrested, is attached as Exhibit 5. These are not exhibits in evidence in this case, but are being proffered simply to demonstrate that SA Felske's and the Defendant's testimony was accurate.

5

## II. CONCLUSION

Counsel for Defendant again apologies to the Court and Plaintiff with regard to the subject testimony. However, the remedy should not consist of an extremely prejudicial instruction that suggests Defendant and SA Felske were not telling the truth in their trial testimony.[2] Defendant respectfully submits that the following language fully accomplishes the Court's goal in issuing another curative instruction:

> You have heard statements suggesting that Plaintiff had a prior arrest for shoplifting and that he was not truthful to the INS. That information was wrong and should be disregarded in its entirety.

If the Court will not accept this or a similar revision, Defendant respectfully requests that the Court direct counsel for Plaintiff that in closing argument, counsel may not argue or suggest that jury instruction no. 26 has any bearing on the credibility of Defendant or SA Felske.

Respectfully submitted,

JOYCE R. BRANDA
Assistant Attorney General

---

[2] In addition to the fact that the Court has already issued curative instructions, it should be noted that counsel for Plaintiff suggested to the jury during her opening statement that Defendant had no reason to be doing any polygraph of Plaintiff on September 21, 2001. See Trial Transcript, December 8, 2014, at pp. 22:11-23:18 (Exhibit 6, attached). The Court could find that this "opened the door" to testimony regarding Defendant's concerns about Plaintiff, including the shoplifting arrest and false statement to the INS.

6

RUPA BHATTACHARYYA
Director, Torts Branch, Civil Division

MARY HAMPTON MASON
Senior Trial Counsel, Torts Branch

LAURA K. SMITH
Trial Attorney, Torts Branch

**s/Edward J. Martin**
EDWARD J. MARTIN
Senior Trial Attorney, Torts Branch
U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION
P.O. Box 7146, Ben Franklin Station
Washington, DC 20044
(202) 616-1024 (phone)
(202) 616-4314 (fax)
Edward.martin2@usdoj.gov


ATTORNEYS FOR DEFENDANT