# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

AHMAD FARID KHORRAMI,

                Plaintiff,

      -vs-                             Case No.  07-C-812

DALE MUELLER,

                Defendant.

## JURY INSTRUCTIONS

# Functions of the Court and the Jury

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and your job alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, fear, prejudice, or public opinion influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

## No Inference from Judge's Questions

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

## Standing of the Parties

You should consider and decide this case as an action between people of equal standing in the community, and who hold the same or similar stations in life. In this case, the defendant is a retired FBI agent and the Plaintiff is a private citizen. Each party is entitled to a fair trial. The law respects all people equally, and you should consider every person equal in a court of justice like this one.

## Evidence

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

**Testimony of Witnesses—Deciding What to Believe**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the witness' intelligence;

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness' memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying; and

- the reasonableness of the witness' testimony in light of all of the evidence in the case.

## Weighing the Evidence—Inferences

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

## Definition of "Direct" and "Circumstantial" Evidence

You may have heard the phrases "direct evidence" and "circumstantial evidence."  Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering the room carrying a wet umbrella.

You are to consider both direct and circumstantial evidence.  The law does not say that one is better than the other.  It is up to you to decide how much weight to give any evidence, whether direct or circumstantial.

# What is Not Evidence

Certain things are not evidence. I will list them for you:

First, testimony and exhibits that I struck from the record, or that I told you to disregard, are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, internet or television reports you may have seen or heard. Such reports are not evidence, and your verdict must not be influenced in any way by such publicity.

Third, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper. You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence. The purpose of these statements is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## Attorney Interviewing Witness

It is proper for an attorney to interview any witness in preparation of a trial.

## Number of Witnesses

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

## Deposition Testimony

During the trial, certain testimony was presented to you by the reading of a deposition. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

## Consideration of All Evidence Regardless of Who Produced

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Case 2:07-cv-00812-RTR   Filed 12/15/14   Page 13 of 37   Document 231

## Prior Inconsistent Statements

You may consider statements given by a witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement that is inconsistent with his testimony here in court, you may consider the earlier statement only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statements, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

13

## Absence of Evidence

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## Expert Witnesses

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

## Demonstrative Exhibits

Certain demonstrative exhibits have been shown to you. Those demonstrative exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

## Burden of Proof

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

## Definition: Proximate Cause

The Defendant's actions must be a proximate cause of the Plaintiff's injuries. The expression "proximate cause" means any cause which, in natural or probable sequence, produced the injury complained of.

It need not be the only cause, nor the last or nearest cause. It is enough if it causes the injury, even if it is acting with another cause at the same time.

## No Need To Consider Damages Instruction

If you decide for the defendant on the question of liability, then you should not consider the question of damages.

## Judicial Notice

I have decided to accept as proved the fact that the U.S. Attorney's Office is the representative of the United States Government that prosecutes crimes in each Judicial District. You must now treat this fact as having been proved for the purpose of this case.

## Immigration Status

Mr. Khorrami was lawfully in the country on September 18, 2001.

While the INS detained Mr. Khorrami, he had the right to be free from force

from Defendant Mueller on September 21, 2001.

## Summaries of Records As Evidence

The parties agree that Exhibit 37, the Plaintiff's cardiac-related medical expenses, accurately summarizes the contents of records. You should consider this summary just like all of the other evidence in the case.

## General: Requirement of Personal Involvement

The Plaintiff must prove by a preponderance of the evidence that Dale Mueller was personally involved in the conduct that the Plaintiff complains about. You may not hold Dale Mueller liable for what other individuals did or did not do.

## Use of Force Against Arrestee or Pretrial Detainee—Elements

The Plaintiff claims that Defendant Mueller used force against him in violation of the Fifth Amendment. To succeed on this claim, the Plaintiff must prove by a preponderance of the evidence that

(1) Mueller kicked him, and

(2) that Mueller did so with the intent to cause harm unrelated to any legitimate law enforcement objective.

It is a violation of the Constitution for a law enforcement officer to use physical force on a person who has been arrested and restrained who is securely under the control of the law enforcement officer, and who is not attempting to escape.

If you find that the Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for the Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that the Plaintiff did not prove these things by a preponderance of the evidence, then you should find for the Defendant, and you will not consider the question of damages.

Case 2:07-cv-00812-RTR   Filed 12/15/14   Page 25 of 37   Document 231

## Limiting Instruction Regarding Prior Assault
## and Physical Intimidation

You have heard testimony that the Defendant assaulted a suspect during a prior interrogation and physically intimidated another suspect in a prior interrogation. You may not use that evidence to decide whether the Defendant assaulted Mr. Khorrami, and you may not use that evidence to infer the Defendant's character or that the Defendant acted in accordance with that character with respect to Mr. Khorrami. However, you may consider this evidence when you assess the Defendant's intent and motive. That is, if you find by a preponderance of the evidence that the Defendant committed the acts asserted in this case, then you may consider the testimony about the Defendant's intimidation and assault during prior interrogations to decide the Defendant's intent to harm Mr. Khorrami and in considering whether to award punitive damages.

## Instruction Regarding Testimony that Violated
## the Court's Evidentiary Rulings

You have heard statements suggesting that the Plaintiff had a prior arrest for shoplifting and that he was not truthful to the INS. That information was wrong and should be disregarded in its entirety.

## Damages: Prefatory Instruction

If you find that the Plaintiff has proved his claim against the Defendant, then you must determine what amount of damages, if any, the Plaintiff is entitled to recover.

If you find that the Plaintiff has failed to prove his claim, then you will not consider the question of damages.

## Damages: Compensatory

If you find in favor of the Plaintiff, then you must determine the amount of money that will fairly compensate the Plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of Defendant Mueller's use of force, when he pushed the Plaintiff to the ground and kicked him several times.

These are called "compensatory damages".

The Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1. The physical, mental, and emotional pain and suffering and loss of a normal life that the Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical, mental or emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be

awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

Further, while you have heard the testimony of experts, there is no requirement that the Plaintiff use medical or psychiatric experts to establish an emotional injury. You may consider the evidence of the Plaintiff's conduct and other people's observations of the Plaintiff.

2.    The reasonable value of medical care and supplies that the Plaintiff reasonably needed and actually received as well as the present value of the care and supplies that he is reasonably certain to need and receive in the future. When I say "present value," I mean the sum of money needed now which, together with what that sum may reasonably be expected to earn in the future, will equal the amounts of those monetary losses at the times in the future when they will be sustained.

3.    The wages, salary, profits, and earning capacity that the Plaintiff has lost and the present value of the wages, salary, profits, earning capacity that the Plaintiff is reasonably certain to lose in the future because of his diminished ability to work.

## Damages: Punitive

If you find for the Plaintiff, you may, but are not required to, assess punitive damages against the Defendant. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to the Defendant and others not to engage in similar conduct in the future.

The Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against the Defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of the Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring the Plaintiff. Conduct is in reckless disregard of the Plaintiff's rights if, under the circumstances, it reflects complete indifference to the Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of the Defendant's conduct;

- the impact of the Defendant's conduct on the Plaintiff;

- the relationship between the Plaintiff and the Defendant;

- the likelihood that the Defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

## Damages: Preexisting Condition

Someone who causes harm to another person must take his victim as he finds him. If you find for the Plaintiff, you should compensate the Plaintiff for any aggravation of an existing disease or physical defect resulting from such injury. If you find that there was an aggravation you should determine, if you can, what portion of the Plaintiff's condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the injury, you should consider and make allowance in your verdict for the entire condition.

Case 2:07-cv-00812-RTR   Filed 12/15/14   Page 33 of 37   Document 231

## Selection of Foreperson—General Verdict

Upon retiring to the jury room, select one of your number as your foreperson. The foreperson will preside over your deliberations and will be your representative here in court.

Forms of the verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in, date, and sign the appropriate form(s).

## Communication with Court

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the foreperson, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the bailiff who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

## The Use of Electronic Technology to Conduct Research on or Communicate about a Case

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect that you will inform me as soon as you become aware of another juror's violation of these instructions.

## Disagreement Among Jurors

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The nine of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror. You are impartial judges of the facts.